### NORTH v. BUNN.

(Filed April 30, 1901.)

1. VENDOR AND PURCHASER—*Betterments.*

The vendor is not entitled to damages for betterments placed on land before the contract for the sale of the land, the contract having been repudiated by the vendor.

2. VENDOR AND PURCHASER—*Betterments by Vendor—Measure of Damages.*

The measure of damages for failure of vendor to convey land under a parol contract is the value of the land as increased by the betterments.

ACTION by Linus North and Sophia E. North, his wife, against Albert Bunn and Kitty Bunn, his wife, heard by Judge *O. H. Allen* and a jury, at Fall Term, 1900, of TRANSYLVANIA County Superior Court. From the following judgment, the plaintiff appealed:

*L. North and S. E. North v. Albert Bunn and wife Kittie Bunn, and J. O. Dermid.*

This cause coming on to be heard at the present term of the Court, before Judge *Allen* and a jury, and being tried on the issues submitted, and the jury having found all the issues in favor of the defendants, it is, therefore, on motion of W. A. Smith and Gash & Pless, attorneys for defendants, ordered, adjudged and decreed:

1. That the defendant Kittie Bunn recover from the plaintiffs the tract of land mentioned in the pleadings as having been purchased from Samuel King, and described as follows: Beginning at a locust post in the old King and England line 3 poles and 4 links west of the old King corner and runs with said line west 3 poles and 18 links to the locust post; thence north 20 degrees east 2 poles and 4 links to a stake; thence south 52 degrees east 3 poles and 15 links to the beginning, and that the plaintiffs, L. North and S. E. North, his wife, be declared trustees of the legal title of said property to be held in the same plight, condition and estate as though the conveyance ordered was in fact executed.

2. That the plaintiffs recover from the defendants the sum of eighteen dollars ($18) as rents and profits received from said land and heretofore received in this action.

3. It is further ordered and adjudged that the defendants recover of the plaintiffs the sum of fifty dollars ($50) as the value of the permanent improvements put upon the plaintiffs' land under the parol contract, together with the costs of this action, to be taxed by the Clerk.

It is further ordered that the plaintiffs recover of the defendants the land described in the complaint, and that the plaintiffs be restrained from ejecting the defendants from the premises until they fully comply with the provisions of the decree.

NORTH *v.* BUNN.

*George A. Shuford,* for the plaintiffs.
No counsel for the defendants.

FURCHES, C. J.   This case involves mighty little, but it has given the parties and the Court a great deal of trouble.

The doctrine of betterment, arising upon the repudiation of parol contracts for the sale of land, is purely equitable (*Luton v. Badham,* 127 N. C., 96), and was established to prevent fraud.   It will not allow a party to repudiate his contract and profit thereby.   But the measure of damage is not what it cost to put the improvements on the land, but only to the extent the land is improved—enhanced in value—by the improvements.   The bargainee may put such buildings—"improvements"—on the land as not to "improve" it; that is, not to make it more valuable.   And it is not clearly seen by the Court how it is that defendants, putting the corner of the house on plaintiffs' land, has improved it, that is, made plaintiffs' land more valuable; nor does it appear to the Court upon what rule the jury assessed the value of these "improvements," whether by ascertaining the cost of putting them there, or their value to plaintiffs' land.   As we are unable to see how the value of plaintiffs' land is enhanced at all by the corner of defendants' house being over the line, it would seem that they estimated the cost of building this corner of the house; and, if so, it was error; but there is no exception pointing it out, and therefore the Court can not correct it, if there be error.

The only exception contained in the record is to the judgment.   And the only error we see in this is that it gives the defendant Bunn $50 damage for the "improvements" she has put upon plaintiffs' land.   We think this was not justified by the finding of the jury, and is error.   The jury in response to issues submitted to them found the value of the "improvements" to be $50, but that $25 of this was put on

plaintiffs' land before the parol contract of plaintiff to sell to defendant.

That part of the "improvements" put upon the land before plaintiff contracted to sell could not have been induced by the contract; and, therefore, it could be no fraud on defendant not to pay her for the "improvements" made before the contract. The judgment must be reformed in this respect, and made to read $25, instead of $50.

We know of no power this Court has, in this action, to compel defendant to move her house, as plaintiffs' counsel says she may do. But upon plaintiffs' paying the defendants' judgment for the "improvements," the plaintiff will be entitled to a writ of possession, and to have defendant removed from that part of the house which is on plaintiffs' land.

Each party will pay one-half of the costs of this appeal.

Modified and affirmed.